## DiMaio v. Mesti, Inc.

*Aaron S. Swartz, 3rd,* for plaintiff.
*Herbert Goldberg,* for defendant.

KNIGHT, P. J., July 15, 1949.—Edward DiMaio held four mortgages of $5,000 each, secured on four houses, twin brick, situate on Mildred Avenue, in Abington Township. The houses were new and uncompleted. They were built by Mesti, Inc.

These mortgages were recorded August 5, 1947, at Norristown, in Mortgage Book 1959, at pages 63, 67, 71 and 75, respectively.

The mortgages were foreclosed, and the houses sold by virtue of writs of levari facias, by the Sheriff of Montgomery County, for $2,250 each.

The sheriff applied for a certificate of distribution to the Montgomery Trust Company, and proposes to make distribution in accordance therewith.

The certificate shows numerous liens and judgments, but for our present purpose, it is only necessary to note the following:

| | |
|---|---:|
| Transfer inheritance tax due Commonwealth. | $6.41 |
| Mortgage, Mesti, Inc., to Edward DiMaio, Rec., August 5, 1947, for | 5,000.00 |
| Withholding tax lien of United States | 1,574.66 |
| Mechanic's lien of exceptant Young, filed November 26, 1947 | 169.05 |
| Mechanic's lien of Superior Ready Mix Co., filed January 6, 1948 | 39.30 |

The sheriff proposed under his schedule, to distribute the balance in his hands, less costs, to the mortgagee, Edward DiMaio, and the lien creditors, Wm. M. Young Co. and Superior Ready Mix Co., have filed exceptions.

Whether the lien creditors are entitled to participate in the distribution of cash in the hands of the sheriff, depends upon whether work was commenced on the liened premises prior to the recording of the DiMaio mortgage.

In order to answer this question in their favor, the lien creditors took the deposition of one of its lumber salesmen.

We will not pass upon the sufficiency of this deposition, for we agree with counsel for the mortgagee, that the procedure here adopted is erroneous, and that we cannot decide this case on the record before us.

Section 2 of the Act of April 20, 1846, P. L. 411, covers the procedure where a lien creditor has become the purchaser at a sheriff's sale, and there is a dispute as to who is entitled to the purchase money.

That section provides in part:

"If the right of said purchaser or purchasers, to the money mentioned in said return, shall be questioned

or disputed by any person interested, the court shall, thereupon, appoint an auditor, who, after due notice given to the persons interested, in such manner as the court may direct, shall make a report, distributing the proceeds of such sale, with the facts and reasons upon which such distribution is made, to be approved by the court."

For a case involving the procedure under this act, see Zietz v. Schembs, 10 D. & C. 159.

Paragraphs 11 and 12 of rule 30 of the rules of this court, set forth the proceedings to be followed in this case.

We will consider that neither party wishes all the purchase money paid into court, and are satisfied to permit the record to stand as it is until the status of exceptants' mechanics' liens is determined.

And now, July 15, 1949, under the provisions of the Act of April 20, 1846, P. L. 411, and Rule 30-12 of the rules of this court, Russell J. Brownback is appointed auditor to hear testimony and report to the court.